DAVID A. DIEPENBROCK (SBN 215679)
JONATHAN R. MARZ (221188)
DIEPENBROCK ELKIN GLEASON LLP
500 Capitol Mall, Suite 2200
Sacramento, CA 95814-4413
Telephone: (916) 492-5048
Facsimile: (916) 446-2640
Email: ddiepenbrock@diepenbrock.com

Attorneys for Plaintiff and Counterdefendant
U.S. INTERLOC MATTING, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. INTERLOC MATTING, INC, a California corporation,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MACRO PLASTICS, INC. a California corporation; DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:17-CV-00733-JAM-DB<br><br>**STIPULATED PROTECTIVE ORDER FOR DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIAL; ORDER** |
| MACRO PLASTICS, INC., a California corporation,<br>　　　　　Counterclaimant,<br><br>　vs.<br><br>U.S. INTERLOC MATTING, INC, a California corporation,<br><br>　　　　　Counterdefendant. | |

Plaintiff/Counterdefendant U.S. INTERLOC MATTING, INC. and Defendant/Counterclaimant MACRO PLASTICS, INC., by and through their counsel of record, hereby stipulate and agree that discovery or disclosure in this case of information they believe to be private, privileged, proprietary, and/or confidential (collectively referred to herein as "confidential information") shall be had on the following conditions:

## 1. DEFINITIONS.

**1.1** As used herein, the term "confidential information" means: (a) any type of information or tangible thing which qualifies for protection under Federal Rule of Civil Procedure 26(c), as well as information that has not been made public and the disclosure of which a party and/or non-party contends would cause substantial harm to its business operations or interests or divulges its personal financial affairs or transactions, regardless of whether the information is actually confidential or whether the other party disagrees that the disclosure of such information would cause any harm to the designating party, including, but not limited to, customer lists, customer data, confidential or proprietary vendor information, confidential employee information financial information, costs of goods or services sold, or other confidential or proprietary information regarding the costs of doing business, employee salaries, marketing plans, banking records, accounts payable, accounts receivable, financial statements, tax returns, characteristics of proprietary products, financial performance data, and sales, product development, and business development strategies; (b) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; (c) any other oral, written, or recorded material which consists of or contains trade secrets or other confidential research, development, or commercial information; and, (c) any other type of information that has been held to be confidential in any precedential case decided by the U.S. Supreme Court, any United States court of appeals, and/or any United States district court. The parties agree that the foregoing definition of "confidential information" does not represent an admission or concession by any party that the information described above is, in fact, confidential, or that the possession of such information by the non-designating party is unlawful or improper in any manner.

///

**1.2** As used herein, the terms "document" or "documents" mean documents and writings, and electronic data and include, but are not limited to, records, lists, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

**2. DESIGNATION OF CONFIDENTIAL INFORMATION.**

**2.1** The parties acknowledge that this Stipulated Protective Order does not necessarily confer blanket protection to all discovery or production, and that the protection afforded hereunder from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. This Stipulated Protective Order for Designation And Handling Of Confidential Material regarding "confidential information" produced by any party and/or non-party (referred to herein as "Stipulated Order") may apply to all material exchanged or to discovery responses and other materials containing confidential information disclosed or utilized in this action that are designated by any party or non-party as confidential information under the Stipulated Order, as defined below, whether such disclosure is by order of the Court, in response to questions in a subpoena, deposition, written interrogatories, requests for the production of documents and other tangible things, requests for admission, or any other discovery undertaken in this action.

**2.2.** Any party and/or non-party may protect information it believes constitutes confidential information by designating such information as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY prior to or at the time of disclosure or, in the case of a party not producing the information, promptly upon receiving the information by the producing party and notifying the producing party what information it believes is CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. Such designation shall be accomplished by placing the appropriate designation on every page of each document so designated or by any other reasonable methods, or in the case of a party not producing the information, by notification to all other attorneys what information that party deems to be

CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY. In the case of confidential information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply to the document itself and to the confidential information contained therein.

**2.3**. Confidential information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be used only for the purposes of this litigation and may not be used by any party to which or whom that information is produced or disclosed for research, development, sales, marketing, business or competitive purposes, or any other purpose.

**2.4** Parties and non-parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY that are not entitled to such designation or that are generally available to the public. Indiscriminate designations are prohibited. Further, such designations upon a document do not automatically cause the entire document to become so designated, and the parties and their counsel shall meet and confer in good faith with respect to separating confidential from non-confidential information contained within the designated material. If only a portion or portions of the material qualifies for protection, the producing party shall clearly identify the protected portion(s).

**3. DISCLOSURE OF DESIGNATED CONFIDENTIAL OR CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION**.

**3.1**. All designated information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person except as provided in the Stipulation and Order.

**3.2.** While the disclosure of designated information under the Stipulation and Order to persons not authorized by the Stipulation and Order could, by definition, be prejudicial to the privacy, business, or operations of the designating party or designating non-party, the appropriate confidential designations should not be overused.

**3.3.** Information designated as CONFIDENTIAL and any copies thereof, and information obtained from inspecting such information and notes made therefrom, shall not be used

by any person for any purpose other than the litigation of this action, except with prior written consent of the designating party or designating non-party or with the prior Order of the Court. Designated CONFIDENTIAL information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons, who shall be bound by the terms of the Stipulation and Order. CONFIDENTIAL information may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, administrative, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

**3.3.1**. A party, or an officer, director, member, manager or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

**3.3.2.** Pursuant to paragraphs 4, 4.1, 4.2, 5 and 5.1, the court reporter, deponents and counsel for third-party deponents at their depositions;

**3.3.3.** Independent personnel (together with their clerical staff) retained or consulted by counsel for the parties, or acting on behalf of the court, to furnish technical or other expert services or advice or to give expert testimony;

**3.3.4.** Private investigators employed by counsel for the parties for the purpose of searching for, collecting and reporting data to assist counsel and/or the independent personnel described above in paragraph 3.3.3 in discovery or trial;

**3.3.5** Any other person as to whom the parties in writing agree.

**3.4.** No designated CONFIDENTIAL information received by any party in this lawsuit may be revealed or disclosed to any person or entity not described in Section 3.3, including but not limited to members of the press.

**3.5** Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this order and shall execute a non-disclosure in the form of Attachment A.

**3.6** The designation CONFIDENTIAL – ATTORNEYS EYES ONLY shall in particular be used sparingly, with proper restraint, and only as reasonably necessary. Information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY and any copies thereof, and information obtained from inspecting such CONFIDENTIAL-ATTORNEYS' EYES ONLY

information and notes made therefrom, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), the party designating the information as Confidential – Attorneys' Eyes Only, and to the "qualified persons" listed in subparagraphs 3.3.2 through 3.3.6 above, but shall not be disclosed to a non-designating party or to an officer, director or employee of a party, other than as described in section 3.6.2 below, whether a deponent or not, unless otherwise agreed in writing, orally in deposition on the record, or ordered. All other provisions in this Stipulated Order with respect to confidentiality shall also apply.

    **3.6.1** Information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY may be shared in redacted form only with a non-designating party or an officer, director or employee of a party only to the extent counsel for the non-designating party, prior to sharing such information with a non-designating party, has made a good faith effort to redact any client information other than client names, addresses, and phone numbers, and any other non-client information it reasonably believes the designating party would consider to be confidential trade secret information that would provide the non-designating party with an unfair competitive advantage were that party to have access to it. Before providing such redacted Confidential - Attorneys' Eyes Only information to client, counsel for the non-designating party shall email a copy of any document redacted in the manner described above to counsel for the designating party so that counsel can see the information in its redacted form. Unless counsel for the designating party expressly consents in writing that the proposed redactions are acceptable, or the non-designating party obtains a court order approving of the proposed redactions, the non-designating party shall not disclose any material designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY to a non-designating party or any officer, director, employee, or to any agent of a party that is not a "qualified person" listed in subparagraphs 3.3.2 through 3.3.6 above.

    **3.7.** Each (a) outside vendor used as support personnel for counsel of record, and (b) consultant authorized pursuant to the Stipulation and Order, shall, prior to being given access to designated information, acknowledge in writing his or her familiarity with the terms of the Stipulation and Order and execute a declaration in the form specified in Exhibit A, attached

hereto.

**3.8.** Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document unless that document is identified by an opposing party as a "Confidential – Attorneys' Eyes Only" document. If such document is identified as a "Confidential – Attorneys' Eyes Only" document, then counsel for the non-designating party may employ the procedure set forth in section 3.6.2 above, or it may seek an order from the Court to be allowed to disclose the full content of any such document to the counsel's client.

**3.9.** Nothing herein shall prohibit a party from redacting what that party claims is confidential client information contained in a document, though the parties disagree as to whether any client information is privileged and subject to redaction. The parties reserve their respective rights and arguments as to whether, or to what extent, any other party to this action is entitled to review such information. Any disputes as to whether the redaction was appropriate are to be resolved by the Court.

**4.     DEPOSITIONS.**

With respect to depositions, the following shall apply with regard to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information or documents:

**4.1.** With respect to the examination of witnesses upon oral deposition, before designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY the deposition reporter and/or videotape operator shall be informed of the Stipulation and Order by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 3.7. The portion of the deposition that reflects such confidential information shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped). The reporter and/or videotape operator shall then place on the cover ·of any such separate transcript or videotape the words "CONFIDENTIAL INFORMATION," as appropriate. Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this

Stipulation and Order from being disclosed to any person, except as provided herein.

**4.2.** If designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

**5. DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THE STIPULATION AND ORDER**.

**5.1.** Each deponent or third-party witness to whom any party proposes to disclose designated information at a deposition, trial, or other proceeding shall be given a copy of the Stipulation and Order and informed of its contents, and is thereby bound by the obligations of confidentiality and non-disclosure as set forth in the Stipulation and Order, and in particular by Paragraphs 2.3, 3.1 et seq., and 9.4.

**6. FILING OR LODGING UNDERSEAL: COMPLIANCE WITH LOCAL RULE 141**.

**6.1.** When Confidential Information is contained in a filing, document, exhibit or deposition testimony that is ultimately filed with this Court, it shall be filed either (1) with all Confidential Information and/or Confidential-Attorney Client Information redacted from the document prior to filing; or (2) pursuant to the procedures dictated by Local Rules of the United States District Court, Eastern District of California Rule 141.

**7. CHALLENGING A DESIGNATION.**

**7.1** Any party or person who challenges a designation shall initiate the dispute resolution process. In the event that any party or its counsel at any time believes that designated information should not be so designated, or that a different designation should be employed, and thereupon objects, such counsel may so notify the designating party and its attorneys in writing or the designating non-party and its attorneys in writing. The parties and non-parties (if involved in the designation of the information) and their attorneys then shall meet and confer in good faith concerning such disputed designation of confidential information within fourteen (14) days of

receipt of the notice challenging a designation. The parties agree to confer directly, in voice-to-voice dialogue (over the phone or in person) in addition to conferring in writing. If agreement is not reached within those fourteen (14) days, the person or party challenging the designation may file a motion pursuant to Civil Local Rule 7 and 79-5 requesting that the Court order the removal of the designation or order a different designation. Any such motion shall contain a declaration affirming that the movant has complied with the meet and confer requirements imposed herein. In such a proceeding, the designating party bears the burden of showing good cause with respect to any challenged designation. The designated confidential information shall be subject to and protected by the Stipulation and Order under the designation assigned by the designating party or designating non-party until the Court has ruled on any such motion.

    **7.2.** No party shall be obliged to challenge the propriety of a designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

    **7.3** Nothing herein shall prevent any party from withdrawing their designation of any document or information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY at their sole discretion.

    **7.4** Upon ruling on a motion contemplated by Section 7.1, the Court may, in its discretion, grant to the prevailing party all or a portion of its reasonable attorney fees and costs relating to the motion and the raising of the issue if the Court determines that there was no good faith basis for the designation of the materials or for the motion challenging the designation.

**8. INADVERTENT DISCLOSURE.**

    **8.1**. The inadvertent failure to designate information under the Stipulation and Order prior to or at the time of disclosure shall not operate as a waiver of the party or non-party's right to designate such information under the Stipulation and Order so long as the party or non-party takes steps to correct the designation of such information within a reasonable time upon discovery of the inadvertent failure.

    **8.2.** In the event that confidential information is designated as confidential after disclosure, the receiving party shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as required pursuant to the terms of the Stipulation

and Order.

**9. MISCELLANEOUS.**

**9.1.** Documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be maintained in the custody of outside counsel of record for the parties except that: (a) any court reporter who transcribes testimony given in this action may maintain any such designated documents for the purpose of rendering his or her normal transcribing services; and (b) partial or complete copies of such documents may be retained by consultants entitled to see such documents under the terms of the Stipulation and Order to the extent necessary for their study, analysis, and preparation of the case; and (c) partial or complete copies of such documents may be retained by clients (excluding documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY by someone other than that client) to the extent necessary for their study, analysis, and preparation of the case. A person with custody of documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall maintain them in a manner that limits access to those documents to only those persons entitled under the Stipulation and Order to access them.

**9.2.** Unless counsel agree otherwise in writing, within 75 days after final termination of this action, including all appeals, any recipient of documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall deliver all such documents to counsel for the party which disclosed the materials to the recipient, unless the parties otherwise agree in writing. As an alternative, within the same 75-day period, all documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY may be destroyed and such destruction shall be confirmed in correspondence to counsel for the disclosing party. A party and its counsel need not destroy or return documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY incorporated in materials filed with the Court, subject to the terms of this Stipulated Order. Counsel need not destroy or return documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY in work product retained solely by counsel, provided such documents are not subsequently shared with the non-designating party by its counsel.

/ / /

**9.3**  The provisions of the Stipulated Order apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand.

**9.4.**  A designation pursuant to the Stipulated Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action.  These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated information can be disclosed.

**9.5.**  By entering into the Stipulation, no party waives any objections it might have to the production or use of any documents, or other form of information, covered by this Stipulated Order.  Nothing in the Stipulation and Order shall preclude the parties from arguing that the Court and/or any appointed Referee can or should review any document or other materials *in camera*.

**9.6.**  Neither the parties to this action nor any non-parties to this action, by entering into the Stipulation, by designating certain information under the Stipulation and Order, or by acquiescing in any such designation by the designating party or designating nonparty, shall be deemed to have admitted anything relative to the confidential status and/or trade secret status of such information.

**9.7.**  The designation of confidentiality may or may not be admissible before any trier of fact, and may be the subject of a pre-trial motion including a motion *in limine*.

**9.8**  The parties stipulate that the Court may enter an order that it retains jurisdiction even after termination of this action to enforce the Stipulation and Order and to make such deletions from or amendments, modifications, and additions to the Stipulation and Order as the court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying the

/ / /

1 / / /

2 / / /

3 Stipulation and Order or seeking further protection against disclosure or use of claimed
4 confidential information.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: June 14, 2017               DIEPENBROCK ELKIN GLEASON LLP

                                   By: /s/ *David A. Diepenbrock*
                                       David A. Diepenbrock
                                       Attorneys for Plaintiff and
                                       Counterdefendant
                                       U.S. INTERLOC MATTING, INC.


Dated: June 14, 2017               THE BURTON LAW FIRM


                                   By: /s/ *John S. Knowlton as authorized on 6/14/17*
                                       John S. Knowlton (SBN 143517)
                                       Attorneys for Defendant and
                                       Counterclaimant
                                       MACRO PLASTICS, INC.


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Dated: 6/14/2017                   /s/ John A. Mendez_____
                                   Hon. John A. Mendez
                                   United States District Court Judge

# ATTACHMENT "A"

# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order for Designation and Handling of Confidential Material ("Stipulation") and Order thereon ("Order") executed in the case of *U.S. Interloc Matting, Inc. vs. Macro Plastics, Inc.,* United States District Court, Eastern District of California, Case No.: 2:17-CV-00733-JAM-DB ("Action"), and hereby agree to comply with and be bound by the terms and conditions of said Stipulation and Order, unless and until modified by further order of the Court or by mutual agreement of the parties to the Action. I will not disclose to any individuals, other than those specifically authorized by this Stipulation and Order or by the Court, any information designed as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the Stipulation and Order which was disclosed to me; will not copy, use or disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" except for the purpose of the Action and/or in compliance with any rights under state or Federal law. I hereby consent to the jurisdiction of the United States District Court, Eastern District of California, for purposes of enforcing this Stipulation and Order.

Signature _____

Printed Name _____

Date _____