UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. INTERLOC MATTING, INC., | No. 2:17-cv-0733 JAM DB |
| Plaintiff, | |
| v. | ORDER |
| MACRO PLASTICS, INC., | |
| Defendant. | |
| AND RELATED CROSS-ACTIONS | |

This action came before the court on November 13, 2017, for hearing of defendant's motion for a protective order. (ECF No. 13.) Attorney David Diepenbrock appeared on behalf of the plaintiff US InterLoc Matting, Inc., ("USI"). Attorney John Knowlton appeared on behalf of the defendant Macro Plastics, Inc., ("MPI").

Defendant MPI seeks an order limiting the responses to USI's request for production of documents served on non-party Quality Mat Company, ("Quality Matt"), to documents "generated on or *before* USI terminated its contract with MPI on November 7, 2016." (ECF No. 24 at 2) (emphasis in original). Defendant asserts that materials created after November 7, 2016, are "irrelevant, and consist of highly confidential trade secrets and business information . . . ." (Id. at 2.)

"A party cannot object to a subpoena duces tecum served on a nonparty, but rather, must seek a protective order or make a motion to quash." Moon v. SCP Pool Corp., 232 F.R.D. 633,

636 (C.D. Cal. 2005). "The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought." U.S. Bank Nat. Ass'n v. James, 264 F.R.D. 17, 18-19 (D. Me. 2010) (quoting Windsor v. Martindale, 175 F.R.D. 665, 668 (D. Colo. 1997)); see also Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2nd Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."); Thomas v. Marina Assocs., 202 F.R.D. 433, 434 (E.D. Pa. 2001) ("An exception is made, however, where, as here, the party seeks to quash based on claims of privilege relating to the documents being sought."). "This principle is well-settled . . . ." In re C.R. Bard, Inc. Pelvic Repair Systems Products Liability Litigation, 287 F.R.D. 377, 382 (S.D. W.Va. 2012).

Rule 45(d)(3)(B)(i) provides that "[t]o protect a person . . . affected by a subpoena, the court . . . may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information." "The party who moves to quash a subpoena bears the 'burden of persuasion' under Rule 45(c)(3). ATS Products, Inc v. Champion Fiberglass, Inc., 309 F.R.D. 527, 531 (N.D. Cal. 2015); see also Moon, 232 F.R.D. at 637 ("the party who moves to quash a subpoena has the 'burden of persuasion'"). In this regard, "[t]he party asserting the privilege bears the burden of establishing all necessary elements." Apple Inc. v. Samsung Elecs. Co., 306 F.R.D. 234, 237 (N.D. Cal. 2015).

"There is no absolute privilege for trade secrets and similar confidential information." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 459 (C.D. Cal. 2002) (citing Federal Open Market Committee v. Merrill, 443 U.S. 340, 362 (1979)); see also MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 120 (4th Cir. 1994) ("trade secrets have widely been held to be discoverable upon appropriate findings and with an appropriate protective order").

Nonetheless,

> . . . courts have attempted to reconcile the competing interests in trade secret discovery disputes. First, the party opposing discovery must show that the information is a "trade secret or other confidential research, development, or commercial information," under Rule 26(c)(7) and that its disclosure would be harmful to the party's interest in the property. The burden then shifts to the party seeking discovery to show that the information is relevant to the

> subject matter of the lawsuit and is necessary to prepare the case for trial.
>
> If the party seeking discovery shows both relevance and need, the court must weigh the injury that disclosure might cause to the property against the moving party's need for the information. If the party seeking discovery fails to show both the relevance of the requested information and the need for the material in developing its case, there is no reason for the discovery request to be granted, and the trade secrets are not to be revealed.

In re Remington Arms Co., Inc., 952 F.2d 1029, 1032 (8th Cir. 1991) (citations omitted); see also Upjohn Co. v. Hygieia Biological Laboratories, 151 F.R.D. 355, 358 (E.D. Cal. 1993) ("In order to resist discovery of a trade secret, a party must first demonstrate by competent evidence that the information sought through discovery is a trade secret and that disclosure of the secret might be harmful. If this showing is made, the burden shifts to the party seeking discovery to establish that the disclosure of trade secrets is relevant and necessary to the action.").

"Trade secret or commercially sensitive information must be 'important proprietary information' and the party challenging the subpoena must make 'a strong showing that it has historically sought to maintain the confidentiality of this information.'" Gonzales v. Google, Inc., 234 F.R.D. 674, 684 (N.D. Cal. 2006) (quoting Compaq Computer Corp. v. Packard Bell Elec., Inc., 163 F.R.D. 329, 338 (N.D. Cal. 1995)). See generally National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 n.4 (C.D. Cal. 2009) ("It is clear that, as defendant claims, customer lists, vendor lists, and pricing information are often determined to be trade secrets.").

Here, defendant has not demonstrated that the information sought through discovery is a trade secret, that disclosure of the secret might be harmful, or that it has historically sought to maintain the confidentiality of this information. In this regard, defendant merely asserts that it

> … seeks protection from disclosure to its competitor of irrelevant material which explores MPI's multi-year, long-term and strategic USA and international marketing and sales relationships with Quality Mat, exclusive marketing and sales rights throughout North, Central and South America, distribution of various product lines, manufacturer information, manufacturing capacity, product requirements, requisite sales partnerships and volume requirements, addition of additional distributors, marketing and sales leads, inventory, pricing, and similar highly sensitive information which

3

| | |
|---|---|
| 1 | directly impacts market performance. |
| 2 | (ECF No. 24 at 6.) |

Defendant's vague and conclusory allegations, however, do not provide any specific argument or evidence to allow the court to determine precisely what documents are it issue, if any of those documents contain trade secrets, how disclosure would be harmful, or if defendant has historically sought to maintain the confidentiality of the information. See Terry v. Register Tapes Unlimited, Inc., No. 2:16-cv-0806 WBS AC, 2017 WL 3226867, at *4 (E.D. Cal. July 31, 2017) ("it is not enough to simply make the blanket, conclusory assertion that all post-2003 communications are subject to trade secret protection"); National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 683 (C.D. Cal. 2009) ("defendant has not presented any declarations from its officers or employees supporting its claim that the information sought in the remaining interrogatories and document requests is a 'trade secret' or 'confidential . . . commercial information' and that defendant has taken reasonable steps to assure the confidentiality of this information and to prevent its disclosure to third parties"); Davis v. Leal, 43 F.Supp.2d 1102, 1110 (E.D. Cal. 1999) ("Leal has provided no declaration, and even no argument, describing the material withheld, or why it is essential to his business.").

Moreover, for the reasons articulated in the joint statement and at the November 13, 2017 hearing, the undersigned finds that the requested documents are relevant and necessary to the action. Although defendant has failed to carry its burden, plaintiff's argument offers two important concessions which considerably reduce the risk of any potential injury to the defendant. In this regard, plaintiff proposes "[a] November 30, 2016 cut-off date is . . . appropriate for Document Request Nos. 1, 4, 5, 6, 10, 11, 12."[1] (Id. at 19.) More importantly, plaintiff "has offered on numerous occasions to designate all material created after November 7, 2016 as 'CONFIDENTIAL-ATTORNEYS EYES ONLY.'" (Id. at 21.)

////
////
////

---

[1] Request Nos. 2, 7, 8, 13, 14, and 16 would not be subject to a cut-off date.

4

Accordingly, upon consideration of the arguments on file and those made at the hearing, and for the reasons set forth on the record at that hearing and above, IT IS HEREBY ORDERED that:

    1. Defendant's August 29, 2017 motion for a protective order (ECF No. 13) is granted in part and denied in part;

    2. Plaintiff's Request for Production of Documents Nos. 1, 4, 5, 6, 10, 11, and 12 shall be subject to a November 30, 2016 cut-off date; and

    3. All documents created after November 7, 2016, shall be designated as 'CONFIDENTIAL-ATTORNEYS EYES ONLY.'"[2]

Dated: November 13, 2017

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\usi0733.oah.111317

---

[2] If a party wishes to challenge the designation of a document as "CONFIDENTIAL-ATTORNEYS EYES ONLY" the party shall first comply with the terms of the parties' stipulated protective order (ECF No. 10) before bringing a discovery dispute pursuant to Local Rule 251.